# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re: Case No. A06-00358-DMD<br><br>VALDEZ HELI-SKI GUIDES, LLC,<br><br>Debtor. | Chapter 7<br><br>**Filed On 10/22/07** |
| KENNETH BATTLEY, TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>LAST FRONTIER AIR VENTURES, INC.,<br><br>Defendant. | Adversary No. A07-90007-DMD |

## MEMORANDUM DECISION

This is a contract dispute arising out of the defendant's breach of a prepetition settlement agreement with the debtor, Valdez Heli-Ski Guides, L.L.C. ("VHSG"). After VHSG filed its chapter 7 petition in September, 2007, trustee Kenneth Battley initiated this adversary proceeding to collect the settlement amount. Battley's complaint alleges that this court has jurisdiction and the defendant has admitted the jurisdictional allegations. Jurisdiction arises under 28 U.S.C. § 157(c)(2) and the district court's order of reference. I find for the plaintiff.

VHSG was a company specializing in helicopter skiing near Valdez. Scott Raynor was the owner of VHSG. Last Frontier Air Ventures, Ltd. ("Last Frontier"), is a company that operates helicopters. It is based in Palmer. David King is the president of Last Frontier. VHSG and Last Frontier entered into two written helicopter service agreements on

January 4, 2005.[1] Pursuant to the agreements Last Frontier was to provide helicopters for use with VHSG's guided ski operations in Valdez. The agreements provided for payment of $1,500.00 per hour for the use of each helicopter. One helicopter was to be provided from February 22, 2005, through May 8, 2005. A second helicopter was to be provided from March 13, 2005, to May 1, 2005. In accordance with the agreements, VHSG paid Last Frontier a $60,000.00 deposit on February 8, 2005.[2] On February 24, 2005, the parties entered into an oral agreement for Last Frontier to furnish a third helicopter. VHSG made an additional $35,000.00 deposit for the third helicopter.[3]

Last Fronter did not perform in accordance with the agreements. Its first helicopter was to be in Valdez on February 22, 2005. The helicopter did not arrive until nine days later, on March 3, 2005. Last Frontier's second helicopter was also late. Even after it arrived, Last Frontier failed to provide a pilot. Shortly after Last Frontier's second helicopter arrived, the first helicopter suffered mechanical damage and became inoperable. Because VHSG didn't have use of the helicopters as needed for its business, it was forced to cancel clients and refund substantial deposits. Having incurred significant damages in lost profits from ski operations, VHSG terminated the helicopter agreements it had entered with Last Frontier on March 15, 2005.[4] VHSG hired another helicopter company for the balance of the 2005 ski season. VHSG was forced to spend $47,720.00 more for these helicopter services than it would have paid under its agreements with Last Frontier.

---

[1] Pl.'s Ex. 1.

[2] Pl.'s Ex. 2.

[3] Pl.'s Ex. 3.

[4] Pl.'s Ex. 4.

Raynor attempted to recover VHSG's damages from Last Frontier. After negotiating for some time, he reached an agreement with David King, president of Last Frontier. The agreement was memorialized in a letter signed February 9, 2006, by Raynor and February 10, 2006, by King.[5] Pursuant to the agreement, Last Frontier was to pay VHSG $20,000.00 immediately and $20,000.00 on March 20, 2006. The agreement provided that payment was "in resolution of any and all claims either party may have arising out of or in any way relating to the Helicopter Services Agreement entered by Last Frontier Air Ventures and Valdez Heli-Ski Guides."[6] The agreement also contained a mutual release.

Last Frontier did not make the first payment of $20,000.00. On March 14, 2006, VHSG's attorney sent a demand letter to King threatening legal action to collect $195,000.00 in damages if Last Frontier didn't fund the settlement.[7] King responded with a letter rejecting the settlement and threatening to deposit a $30,000.00 retainer with his attorney to fight VHSG's claim.[8]

VHSG filed for chapter 7 relief on September 5, 2006. Kenneth Battley is the duly appointed Chapter 7 trustee for the debtor. Battley initiated this adversary proceeding on February 20, 2007, to recover the settlement amount from Last Frontier. Last Frontier filed an answer in this proceeding which denies the $40,000.00 settlement agreement was reached, but admits no portion of that debt has been paid. A trial of this matter was scheduled for October 18, 2007. Last Frontier's counsel appeared, but King did not attend

---

[5] Pl.'s Ex. 5.

[6] *Id.*

[7] Pl.'s Ex. 6.

[8] Pl.'s Ex. 7.

3

the trial. Battley's counsel introduced exhibits and provided testimony from Raynor in support of the claim. This matter was then submitted to the court.

Analysis

VHSG and Last Frontier reached an accord on February 9, 2006, when the agreement to pay $40,000.00 in settlement of all disputes was reached. "An accord is a contract between a creditor and debtor for a settlement of the creditor's claim by some performance other than that which is due."[9] "Consideration for an accord exists where parties settle a good faith dispute."[10] If there is a breach of an accord, the injured party may enforce either the original contract or the duty imposed by the accord.[11]

Last Frontier became a creditor of VHSG when it breached its contracts to provide helicopters to VHSG during the 2005 Valdez ski season. VHSG suffered substantial losses as a consequence of the breach. VHSG agreed to accept $40,000.00 from Last Frontier in lieu of the greater damages it could seek under the helicopter agreements. The parties settled a good faith dispute. When Last Frontier breached the accord, VHSG had the ability to sue on the original contracts or enforce the accord.

After VHSG filed chapter 7, its claim against Last Frontier became an asset of the bankruptcy estate.[12] Battley, as chapter 7 trustee, acquired standing to pursue the claim

---

[9] *K & K Recycling, Inc. v. Alaska Gold Co.*, 80 P.3d 702, 714 (Alaska 2003), *citing Nat'l Bank of Alaska v. Warfle*, 835 P.2d 1167, 1170 (Alaska 1992).

[10] *Pride v. Harris*, 882 P.2d 381, 384 (Alaska 1994).

[11] RESTATEMENT (SECOND) OF CONTRACTS § 281(2) (1981).

[12] 11 U.S.C. § 541(a)(1).

4

on behalf of the estate.[13] In the exercise of his business judgment for administering this estate, Battley has chosen to enforce the accord rather than seek to recover a potentially much larger claim for damages on the original helicopter agreements. Battley is entitled to damages for Last Frontier's breach of the accord, in the sum of $40,000.00.

This claim is governed by state law. Battley is entitled to recover interest and attorney's fees if permitted under state law.[14] In Alaska, all damages "should carry interest from the time the cause of action accrues, unless for some reason peculiar to an individual case such an award of interest would do an injustice."[15] Further, Alaska Civil Rule 82 provides for an award of attorney's fees to a prevailing party. There are some exceptions to Rule 82, but breach of contract claims are within its scope.[16] State law permits Battley, as the prevailing party, to recover prejudgment interest as well as attorney's fees.

Prejudgment interest accrues from the earlier of the day process is served on the defendant or the day the defendant receives written notification that an injury occurred and that a claim may be brought against it.[17] In this case, Last Frontier received VHSG's attorney's demand letter on March 14, 2006. Prejudgment interest on the $40,000.00 settlement will be calculated from the date of the demand letter. Further, as none of the helicopter agreements or the accord subsequently entered provided for a contractual rate of

---

[13] 11 U.S.C. § 704(a)(1).

[14] *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1463 (9th Cir. 1997) (if debt arises under state law, an award of prejudgment interest is governed by state law); *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997) (state law governs contract claims, and prevailing party is entitled to recover attorney's fees if state law provides for such an award).

[15] *Tookalook Sales and Serv. v. McGahan*, 846 P.2d 127, 129 (Alaska 1993), *citing State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970).

[16] *Diaz v. Silver Bay Logging, Inc.*, 55 P.3d 732, 737 (Alaska 2002).

[17] AS 09.30.070(b).

5

interest, both pre- and post-judgment interest will be calculated at the rate provided by Alaska statute for the year judgment is entered.[18] The applicable statutory rate for 2007 is 9.25%. Last Frontier's first payment of $20,000.00 was outstanding at the time VHSG's demand letter was served. Prejudgment interest at the rate of 9.25% accrues on that amount for six days, from the date of the demand, March 14, 2006, through March 20, 2006, when the second payment was due per the accord. Prejudgment interest for this six day period is $30.41. Prejudgment interest accrues on the full $40,000.00 from March 20, 2006, through the date of this memorandum, October 22, 2007. That sum is $5,889.58. Total prejudgment interest through October 22, 2007, is $5,919.99. Prejudgment interest will continue to accrue at the rate of $10.14 per diem through the date judgment is entered in this proceeding.

Alaska Civil Rule 82(b)(1) contains a schedule for calculating an attorney fee award on a money judgment. However, in this case I feel it is more appropriate to award Battley his reasonable, actual attorney's fees under Civil Rule 82(b)(4). The (b)(1) schedule would provide for a fee award of more than $8,000.00 on a simple contract case. Under subsection (b)(4), a plaintiff recovering a default judgment may be awarded fees using either the schedule provided in (b)(1) or its "reasonable actual fees which were necessarily incurred, whichever is less."[19] Here, the defendant failed to appear for trial and the matter became, essentially, a default prove up. Battley will therefore be awarded his reasonable, actual attorney's fees in this matter. His counsel will be given 10 days to file an itemization of fees incurred in this case. The court will review the fees and thereafter enter a final judgment.

An appropriate order will be entered.

---

[18] AS 09.30.070(a).

[19] Ak. R. Civ. P. 82(b)(4).

DATED: October 22, 2007.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve: E. LeRoy, Esq.
C. Johansen, Esq.
P. Gingras, Adversary Case Manager

10/22/07

7